UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CR-281-G |
| GERARDO MONTEMAYOR, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the amended motion of the defendant, Gerardo Montemayor ("the defendant" or "Montemayor"), to suppress evidence. For the reasons set forth below, the motion is denied.

I. BACKGROUND

On October 26, 2006, officers from the Garland Police Department ("GPD") stopped Montemayor's vehicle for the commission of several traffic offenses. *See* Government's Response to Defendant's Motion to Suppress ("Government's Response") at 1. Upon approaching the vehicle, the officers detected the smell of marijuana emanating from the vehicle, establishing probable cause to search the

vehicle for marijuana.  *Id.* at 1-2.  The search yielded a substantial quantity of marijuana, likely for distribution, and Montemayor was arrested for possession of a controlled substance.  *Id.* at 2.

During the arrest, the defendant evaded questions about where he resided.  The officers discovered a receipt in Montemayor's vehicle indicating he lived at 1421 Bayshore, Garland, Texas.  Montemayor denied residing at the Bayshore address, claiming that his girlfriend, Maria Urbina, lived there.  The officers contacted Urbina, who stated the police were welcome to search the residence when she would be home at 7:00 p.m. that evening.

When the officers arrived at the Bayshore residence at 7:00 p.m., they observed "two people standing in the driveway and another person on the side of the house."  Government's Response at 2.  A silver car was backed up in the driveway, and after the occupants of the vehicle noticed the officers, the car sped away and could not be apprehended.  *Id.* at 3.  The back gate had been forced open, the lock on the gate was cut, and the back door to the house was open.  *Id.*

The officers entered the home in search of Urbina, concerned that she might have been injured by the occupants of the silver car.  *Id.*  Once inside the residence, the officers found firearms and drugs in plain view.  *Id.*  After securing the residence an officer returned to the jail where Montemayor admitted that he resided at 1421 Bayshore, and that his residence contained drugs and guns.  *Id.*  After obtaining a

search warrant from a Dallas county magistrate judge, the officers executed the warrant and seized multiple firearms, a substantial amount of marijuana, cocaine, and methamphetamine, as well as additional evidence suggesting the defendant was operating a large-scale drug distribution ring. *Id* at 3-4.

Montemayor was indicted on September 25, 2007, and he filed a motion to suppress the evidence seized from the Bayshore residence on December 14, 2007. Montemayor supplemented his initial motion to suppress with an amended motion on January 22, 2008.[1] The defendant argues that the GPD violated his constitutional rights, specifically that (1) the probable cause for the search warrant was derived in part from an illegal stop; (2) the affidavit fails to establish probable cause; (3) the police entered his residence prior to the issuance of a search warrant and without a valid exception to the warrant requirement; and (4) the search warrant affidavit contains "deliberately false material allegations of fact" in support of probable cause.

---

[1] The amended motion adds an additional argument that the GPD violated *Miranda v. Arizona*, 384 U.S. 436 (1966), by failing to advise the defendant of his rights before questioning him about the marijuana eventually discovered in his car. *See* First Amended Motion to Suppress Evidence and Brief ("Amended Motion") at 2. The defendant then argues that because these statements were incorporated into the search warrant affidavit to establish probable cause, the evidence subsequently discovered should be suppressed. *Id.* However, the defendant was not under arrest at the time of the questioning occurred, and therefore *Miranda* does not apply. See *United States v. Fike*, 82 F.3d 1315, 1324-25 (5th Cir.), *cert. denied*, 519 U.S. 896 (1996) (overruled on other grounds by *United States v. Brown*, 161 F.3d 256 (5th Cir. 1998)).

*See* Defendant's Motion to Suppress Evidence and Brief ("Motion to Suppress") at 1-2.

## II. ANALYSIS

The defendant's first claim is that the initial traffic stop was invalid, and that as a result any information obtained during the stop should not have been used to establish probable cause for the search warrant. *See* Motion to Suppress at 2. However, the traffic stop was justified at its inception because Montemayor was observed to be speeding, drifting out of his lane of travel, and operating a vehicle whose back brake light was out. Government's Response at 6. The subsequent search and seizure were also lawful considering the officers detected the odor of marijuana. See *United States v. Torres*, 537 F.2d 1299, 1300 (5th Cir. 1975) ("The odor of marijuana emanating from the vehicle is probable cause justifying the search."). Therefore, Montemayor does not state any valid grounds to challenge this initial search.

Next, the defendant argues that the initial search of his Bayshore residence, which took place before the issuance of the warrant, took place "without facts constituting an exception to the warrant requirement." *See* Motion to Suppress at 2. Under the Fifth Circuit test set forth in *United States v. Blount*, 123 F.3d 831, 837-39 (5th Cir. 1997) (en banc), *cert. denied*, 522 U.S. 1138 (1998), the question is whether or not there were "exigent circumstances" to justify entry to the Bayshore residence

without first procuring a warrant. The Fifth Circuit explains that while "there is no set formula for determining when exigent circumstances may justify a warrantless entry . . .[,] [they] generally exist where there is a risk that the officers or innocent bystanders will be endangered, or that evidence will be destroyed." *Id.* at 837. A perceived burglary has been found to create exigent circumstances justifying a warrantless entry. *In re Sealed Case 96-3167*, 153 F.3d 759, 764-66 (D.C. Cir. 1998). The circumstances as they appeared to the officers in this situation justified the warrantless entry. The back door of the house was wide open, a car had recently sped away from the house, and there were other signs of forced entry onto the property. The police had probable cause to believe that a burglary was underway; moreover, based on the prior conversation with Urbina, the officers had a justifiable concern for her safety that also supports a finding of exigent circumstances. Therefore, the initial entry to the Bayshore residence cannot be said to be unlawful, so that the evidence used to support the warrant was lawfully discovered.

The defendant's contention that the facts set forth in the affidavit supporting the search warrant failed to establish probable cause by the totality of the circumstances also lacks merit. *See* Motion to Suppress at 2. In *United States v. Leon*, 468 U.S. 897, 922-23 (1984), the Supreme Court held that evidence need not be suppressed when police obtained it through objective good-faith reliance on a facially valid warrant that is later found to be invalid because of insufficient probable cause.

The Court then outlined four exceptions to the officer's good faith reliance on a warrant issued by a magistrate, *id.* at 922-23, but none of those exceptions has been urged by the defendant. The warrant was signed by a Dallas County judge, and the search was executed by officers in good-faith reliance on a facially valid warrant. As a result, the defendant once again fails to present sufficient grounds to suppress this evidence.

Finally, the defendant claims that, after the exclusion of several "deliberately false material allegations of fact," the remaining portions of the affidavit are insufficient to establish probable cause. Motion to Suppress at 2-3. Montemayor seeks an evidentiary hearing to show that the evidence should be suppressed. *Id.* at 3-4. However, absent something more than mere allegations, the defendant has failed to make the necessary "substantial preliminary showing" that the affidavit is invalid, as required by *Franks v. Delaware*, 438 U.S. 154, 155 (1978). Under *Franks*, an affidavit is presumed to be valid unless the defendant can show that (1) the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the affidavit, and (2) the remaining portion of the affidavit is insufficient to support a finding of probable cause. *Franks*, 438 U.S. at 171-72. Montemayor has only made bare allegations, and without something more, his challenge fails.[2]

---

[2] "There must be allegations of deliberate falsehood or of reckless
(continued...)

## III. CONCLUSION

The defendant has not presented any meritorious grounds to support suppression of the evidence seized from the Bayshore residence. Consequently, the defendant's motion to suppress evidence is **DENIED**.

**SO ORDERED**.

January 31, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

²(...continued)
disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks v. Delaware*, 438 U.S. 154, 171 (1978).