UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CR-281-G |
| GERARDO MONTEMAYOR, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the second amended motion of the defendant, Gerardo Montemayor ("the defendant" or "Montemayor"), to suppress evidence and reconsider the court's prior order dated January 31, 2008. For the reasons set forth below, the motion to suppress is once again denied.

I. BACKGROUND

On January 31, 2008, this court issued an order denying the defendant's amended motion to suppress. *See* Docket Entry #22. Subsequently, the defendant file the instant motion to reconsider on February 14, 2008. *See* Docket Entry #23.

The relevant background information was set forth in the previous order. *See* Docket Entry #22.

## II. ANALYSIS

The defendant presents to the court the same arguments from his first motion to suppress, perhaps hoping against hope that persistence will pay off. In response, the court reiterates here its findings from the January 31 order that Montemayor's motion to suppress should be denied. There is nothing new in the defendant's motion to reconsider, and the court once again finds that the initial search of Montemayor's Bayshore residence, which occurred before the issuance of the warrant, constituted an exception to the normal requirement of a warrant, *viz.*, "exigent circumstances," satisfying the Fifth Circuit test set forth in *United States v. Blount*, 123 F.3d 831, 837-39 (5th Cir. 1997) (en banc), *cert. denied*, 522 U.S. 1138 (1998).

Once again, the court finds that the facts set forth in the affidavit supporting the search warrant established probable cause under the totality of the circumstances. *See* Motion to Reconsider at 2-3. In *United States v. Leon*, 468 U.S. 897, 922-23 (1984), the Supreme Court held that evidence need not be suppressed when police obtained it through objective good-faith reliance on a facially valid warrant that is later found to be invalid because of insufficient probable cause. Such was the case here. The warrant was signed by a Dallas County judge, and the search was executed

by officers in good-faith reliance on a facially valid warrant.  As a result, the defendant once again fails to present sufficient grounds to suppress this evidence.

Finally, the defendant claims that, after the exclusion of several "deliberately false material allegations of fact," the remaining portions of the affidavit are insufficient to establish probable cause.*  For the reasons stated in the court's prior order, the court once again is unpersuaded.

### III.  CONCLUSION

The defendant has not presented any meritorious grounds to suppress the evidence seized from the Bayshore residence.  Consequently, the defendant's second motion to suppress evidence is **DENIED**.

---

*         The defendant has submitted his affidavit, together with that of Maria Urbina, to challenge certain portions of the affidavit submitted by Investigator Radney to obtain the warrant for search of the Bayshore residence.  In part, the defendant asserts that "the allegation that Investigator Dockter made that I admitted to living at 1421 Bayshore is false." Affidavit of Gerardo Montemayor.  Even if Montemayor's assertion is true (*i.e.*, that Montemayor did not admit to Dockter that Montemayor lived at 1421 Bayshore), Radney's search warrant affidavit still sets forth sufficient facts to constitute probable cause.

Of course, if Montemayor did not in fact reside at 1421 Bayshore, he has no standing to suppress the evidence.  "A defendant bears the burden of establishing standing to challenge a search under the Fourth Amendment -- that he has 'a privacy or property interest in the premises searched or the items seized which is sufficient to justify a "reasonable expectation of privacy" therein.'  Standing 'is a personal right which cannot be asserted vicariously.'" *United States v. Pierce*, 959 F.2d 1297, 1303 (5th Cir.) (internal citations omitted), *cert. denied*, 506 U.S. 1007 (1992).

**SO ORDERED**.

February 21, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**